IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF ALABAMA
NORTHERN DIVISION

| | |
|---|---|
| WILLIAM SUMMERS, #160 448, | ) |
| | ) |
|     Plaintiff, | ) |
| | ) |
|     v. | ) CIVIL ACTION NO.: 2:12-CV-185-WHA |
| | )                 [WO] |
| COMMISSIONER KIM THOMAS, | ) |
| *et al.*, | ) |
|     Defendants. | ) |

**RECOMMENDATION OF THE MAGISTRATE JUDGE**

Plaintiff, a state inmate, filed this *pro se* 42 U.S.C. § 1983 action on February 28, 2012. Subsequently, and prior to service of the complaint, Plaintiff filed a motion to dismiss this cause of action. Upon consideration of Plaintiff's motion to dismiss, the court concludes this motion is due to be granted. Furthermore, since the complaint has not been served on Defendants, the court concludes that this case should be dismissed without prejudice. Rule 41(a)(1), *Federal Rules of Civil Procedure*.

Accordingly, it is the RECOMMENDATION of the Magistrate Judge that Plaintiff's motion to dismiss (*Doc. No. 4*) be GRANTED and that this case be DISMISSED without prejudice.

It is further

ORDERED that on or before **April 3, 2012,** Plaintiff may file objections to the Recommendation. Any objections filed must specifically identify the findings in the Magistrate Judge's Recommendation to which a party objects. Frivolous, conclusive or

general objections will not be considered by the District Court. The plaintiff is advised that this Recommendation is not a final order of the court and, therefore, it is not appealable.

Failure to file written objections to the proposed findings and advisements in the Magistrate Judge's Recommendation shall bar the party from a de novo determination by the District Court of issues covered in the Recommendation and shall bar the party from attacking on appeal factual findings in the Recommendation accepted or adopted by the District Court except upon grounds of plain error or manifest injustice. *Nettles v. Wainwright*, 677 F.2d 404 (5th Cir. 1982). *See Stein v. Reynolds Securities, Inc.*, 667 F.2d 33 (11th Cir. 1982). *See also Bonner v. City of Prichard*, 661 F.2d 1206 (11th Cir. 1981, *en banc*), adopting as binding precedent all of the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

Done this 20th day of March, 2012.

/s/Charles S. Coody
CHARLES S. COODY
UNITED STATES MAGISTRATE JUDGE